Howard M. Shanker (AZ 015547)
THE SHANKER LAW FIRM, PLC.
700 E. Baseline Road, Bldg. B
Tempe, Arizona 85283
Phone: (480) 838-9300
Facsimile: (480) 838-9433
howard@shankerlaw.net

*Attorneys for Plaintiffs*

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| The Save the Peaks Coalition, et al,<br><br>          Appellants/Plaintiffs,<br><br>   v.<br><br>USFS et al,<br><br>          Appellees/Defendants. | **No.: 10-17896**<br><br>**D.C. No.: 3:09-CV-08163-MHM**<br><br>**PLAINTIFFS'/APPELLANTS' RESPONSE IN OPPOSITION TO ARIZONA SNOWBOWL RESORT LIMITED PARTNERSHIP'S MOTION FOR SANCTIONS** |

Plaintiffs, and their counsel, hereby Respond in Opposition to Arizona Snowbowl Resort Limited Partnership's ("Snowbowl's") Motion for sanctions. Snowbowl's Motion is based on unfounded allegations of wrongdoing, vexatious behavior and harassment on the part of Plaintiffs and Plaintiffs' counsel. These allegations are being raised for the first time only after the mandate in this case was issued by the Ninth Circuit. Snowbowl made no claim for sanctions based on bad faith or vexatious behavior in the lower court or during the appeal process. Indeed,

PLAINTIFFS'/APPELLANTS' RESPONSE IN
OPPOSITION TO SNOWBOWL'S MOTION
FOR SANCTIONS

- 1 -

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ĢTEMPE, AZ 85283
TELEPHONE (480) 838-9300 ĢFACSIMILE (480) 838-9433
howard@shankerlaw.net

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Snowbowl's Motion appears to be driven solely by statements included in the instant panel's decision. The panel, however, was not in a fact finding position and never raised any of these concerns with counsel at oral argument.[1] Significantly, Snowbowl, which voluntarily intervened in this litigation, conducted discovery on the issues that form the basis of its Motion – discovery which, while serving to prolong this litigation, yielded no support for Snowbowl's claims. In other words, Snowbowl's counsel is aware that the allegations that form the basis of its Motion and which appeared in the panel decision, are unfounded. Plaintiffs and their counsel were mortified by the allegations of wrongdoing included in the panel's opinion, allegations which will permanently injure their reputations. Neither the Court's nor Snowbowl's assertions of wrongdoing are, however, supported by the record or any other instrument of fact. Neither Plaintiffs nor their attorney engaged in any sort of bad faith or vexatious behavior.

Snowbowl's Motion is, at its essence, intended to "stifle the enthusiasm [and] chill the creativity that is the very life blood of the law." *See, Mone v. C.I.R.*, 774 F.2d 570, 574 (2d Cir. 1985). The Court should remain cognizant of the need not to discourage the filing of meritorious actions and the chilling effect an award of sanctions in this case would have on the public's willingness to pursue legitimate

---

[1] At the close of oral argument, the panel commended counsel for their legal work and presentation on appeal.

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ‡TEMPE, AZ 85283
TELEPHONE (480) 838-9300 ‡FACSIMILE (480) 838-9433
howard@shankerlaw.net

grievances.  It is well settled that the power to assess sanctions "is a power that must be strictly construed and utilized only in instances evidencing a serious and standard disregard for the orderly process of justice." *Dreiling v. Peugeot Motors*, 768 F.2d 1159, 1165 (10th Cir. 1985); *Mone*, 774 F.2d at 574 ("We recognize this power carries with it the potential for abuse, and therefore the statute should be construed narrowly and with great caution . . ."). As discussed below, nothing in this case supports the imposition of sanctions against Plaintiffs or their counsel, especially when the authority to impose sanctions is construed narrowly, as it must be.

Finally, Snowbowl erroneously asserts that 28 U.S.C. § 1927 sanctions, and sanctions based on the inherent authority of the Court, should be levied against Plaintiffs and their counsel because of alleged actions that took place prior to the filing of the instant case.[2]  Indeed, Snowbowl asserts that Plaintiffs and their counsel abused the judicial process by bringing this case in its entirety.  Even assuming, *arguendo*, that there was some basis in fact for these assertions (there is not), it is well settled that "because [28 U.S.C. § 1927] authorizes sanctions only for the –multiplication of proceedings,' it applies only to unnecessary filings and tactics once a lawsuit has

---

[2] The standard for an exercise of the Court's inherent authority is similar to that under 28 U.S.C. § 1927.  Thus, sanctions based on the court's inherent powers cannot be based solely on "conduct that was reckless or an abuse of the judicial process. . . Instead, counsel's conduct must constitute or be tantamount to bad faith." *In re: Keegan*, 78 F.3d at 436.  There was no "bad faith" in the instant case.

PLAINTIFFS' APPELLANTS' RESPONSE IN
OPPOSITION TO SNOWBOWL'S MOTION
FOR SANCTIONS

- 3 -

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ǀTEMPE, AZ 85283
TELEPHONE (480) 838-9300 ǀFACSIMILE (480) 838-9433
howard@shankerlaw.net

1  begun." *In re: Keegan Management Co*., 78 F.3d 431, 435(9th Cir. 1996).

2  Notwithstanding, Snowbowl seeks fees and costs associated with the filing and

3  

4  prosecution of the instant appeal without citation to any specific brief, motion, and/or

5  action within the confines of the appeal that "unreasonably and vexatiously"

6  multiplied the proceedings. *See*, 28 U.S.C. §1927. Snowbowl fails to cite any

7  

8  legitimate basis for the imposition of sanctions.

9  

10  **A.  Sanctions are Not Warranted in This Case – Snowbowl's Own Motion Unreasonably and Vexatiously Multiplies the Litigation**

11  Snowbowl chose to intervene in this case. Snowbowl chose to hire both

12  

13  Arizona and Washington, D.C. counsel and to have, at least, three lawyers at oral

14  argument in San Francisco.[3] It was Snowbowl who conducted abusive discovery and

15  

16  filed numerous marginal motions in the lower court. Snowbowl now seeks sanctions

17  based on allegations they know to be false and a misapplication of the law. None of

18  

19  the elements required to impose sanctions on Plaintiffs or their counsel are present in

20  the instant case.

21

22

23

24  _____

25  [3] In Snowbowl's billing statements included with the Motion, Snowbowl, *inter*

26  *alia,* redacted the names of time keepers, dates, and hours. It is unclear as to how this type of information can be considered privileged or confidential.

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ┊TEMPE, AZ 85283
TELEPHONE (480) 838-9300 ┊FACSIMILE (480) 838-9433
howard@shankerlaw.net

### 1. Plaintiffs' Counsel has Not Unreasonably and Vexatiously Multiplied the Proceedings

To be subject to sanction under 28 U.S.C. § 1927, a lawyer must multiply "the proceedings in any case unreasonably and vexatiously. . ." *See*, 28 U.S.C. § 1927. Such sanctions "apply only to unnecessary filings and tactics once a lawsuit has begun." *In re: Keegan*, 78 F.3d 431, 435 (9th Cir. 1996). The statute "does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct." *Kirshner v. Uniden Corp.*, 842 F.2d 1074, 1081 (9th Cir. 1988). Snowbowl, however, alleges improper behavior and conduct prior to commencement of litigation as a basis for sanctions and seeks fees and costs associated with the prosecution of the instant appeal without citation to any specific brief, motion, and/or action within the confines of the appeal that "unreasonably and vexatiously" multiplied the proceedings. *See*, 28 U.S.C. § 1927.

### 2. Sanctions Must be Supported by a "Finding of Subjective Bad Faith", Which is Not Present in the Instant Case

Sanctions, whether pursuant to the Court's inherent authority or 28 U.S.C. § 1927, "must be supported by a finding of subjective bad faith." *In re: Keegan,* 78 F.3d at 436. "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id*; *see, also, e.g., Protect Lake Pleasant, LLC v. Connor*, 2011 WL

PLAINTIFFS'/APPELLANTS' RESPONSE IN OPPOSITION TO SNOWBOWL'S MOTION FOR SANCTIONS

- 5 -

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B • TEMPE, AZ 85283
TELEPHONE (480) 838-9300 • FACSIMILE (480) 838-9433
howard@shankerlaw.net

11414, *2 (D. Ariz. 2011) (õThis is a high threshold . . . [n]egligent or inadvertent conduct does not constitute bad faith, nor does mere recklessness.ö).

As an initial matter, Plaintiffs did not name Snowbowl as a defendant. Snowbowl voluntarily intervened in this case. More significantly, Plaintiffs and their counsel neither knowingly nor recklessly raised any frivolous argument. *See*, Ex. 1 (Declaration of Howard Shanker) at ¶¶ 2&4. Indeed, Plaintiffs and their counsel still maintain a good faith belief in the merits of their claim(s). *Id*. Plaintiffs prevailed on the laches issue on appeal and had a valid and good faith belief in the merits of their NEPA claim. Moreover, notwithstanding the lack of precedential value of *Navajo Nation I*, the fact that a prior panel of this Court found that the Forest Service violated NEPA on the same law and the same facts should, at least, be sufficient to demonstrate that Plaintiffs and their counsel had a legitimate basis for their good faith belief in the validity of their claim. Even if non-precedential, this is a significant, valid indicator that Plaintiffsø NEPA claim was not without merit. Plaintiffs filed nothing that was frivolous.

Neither Plaintiffs nor their counsel submitted any briefs or motions that could even be remotely construed as having been filed to õharassö Snowbowl or to õdelayö the proceeding. *See*, *In re: Keegan,* 78 F.3d at 436. Indeed, Snowbowl does not point to any specific document or filing as being made in bad faith. To the contrary,

PLAINTIFFSø/APPELLANTSø RESPONSE IN
OPPOSITION TO SNOWBOWLøS MOTION
FOR SANCTIONS

- 6 -

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ǀTEMPE, AZ 85283
TELEPHONE (480) 838-9300 ǀFACSIMILE (480) 838-9433
howard@shankerlaw.net

Snowbowl seems to argue that the appeal was intended to "harass" and "delay" construction – not necessarily the proceeding. Even assuming, *arguendo*, that such an argument can provide the basis for the imposition of sanctions (it cannot), there is no support for such an allegation. Snowbowl began construction as soon as it received its permits and was not in any way hindered by this action from continuing construction during the appeal. No stay or injunction was in place during the pendency of the appeal. This case, including the instant appeal, was filed and pursued in good faith, was meritorious, and not intended to "delay" or "harass." *See*, e.g., Ex. 1 (Declaration of Howard Shanker) at ¶¶ 2&4; Ex. 2 (Deposition Excerpts of Jeneda Benally) at 45-46:

> ("**Q**. Now, at the time your family meeting about being plaintiffs in the 2009 case concluded, at least you and your brother Clayson and your mother, Berta, you decided to become plaintiffs. Correct? **A**. Yes. **Q**. Why was it necessary to go out and find other plaintiffs? . . . **A**. Why not? I didn't see that there wouldn't be any reason in not looking for other people as well. **Q**. Well, wouldn't the three of you have been enough? . . . . **A**. Let's see. No. I don't think so. I think that, I think that everybody who has an opportunity to make a statement, or who had made a comment, should fairly have the opportunity to find recourse. . .").

Plaintiffs and their counsel maintained a good faith belief that they would prevail on the merits. Plaintiffs' counsel brought this matter (*pro bono*) solely because of the legitimacy and importance of the claims. *Id*. Indeed, Plaintiffs and their counsel still believe that, had the instant case been assigned to another panel, it is

PLAINTIFFS'/APPELLANTS' RESPONSE IN OPPOSITION TO SNOWBOWL'S MOTION FOR SANCTIONS

\- 7 -

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ΓTEMPE, AZ 85283
TELEPHONE (480) 838-9300 ΓFACSIMILE (480) 838-9433
howard@shankerlaw.net

possible that Plaintiffs could have prevailed on the merits. Whether the instant panel (which again, was not sitting in a fact-finding capacity when it issued its opinion) shares this belief or not, neither Snowbowl nor this Court can make the "subjective finding of bad faith" necessary to support the requested sanctions. *See*, *In re: Keegan*, 78 F.3d at 436.

**B.  The Allegations in the Opinion That Provide the Basis for Snowbowl's Motion are Simply Not True**

The allegations that provide the basis for Snowbowl's Motion are not true. Indeed, Snowbowl conducted extensive factual discovery into the allegations that form the basis of its Motion yet it cites to nothing substantive from the discovery process to support its claims.[4]

**1.  Plaintiffs' Counsel Neither "Enlisted" Plaintiffs in an Attempt to "Evade Res Judicata and Collateral Estoppel" Nor "Engaged in Strategic Gamesmanship"**

Snowbowl asserts that "Mr. Shanker enlisted the Save the Peaks plaintiffs to ÷evade res judicata and collateral estoppel' and engaged in strategic gamesmanship . . . to hinder development and impose costs unnecessarily . . ." Motion at 7, *citing, Save the Peaks Coalition,* 669 F.3d at 1032 ("The ÷new' parties in this litigation appear to

---

[4] Discovery in this administrative record case was limited by the lower court to the issues of *res judicata* and standing. Defense counsel's interrogation of Plaintiffs was, however, significantly broader than otherwise allowed or contemplated. The fortunate result of this transgression is that the allegations at issue are demonstrably false.

PLAINTIFFS'/APPELLANTS' RESPONSE IN OPPOSITION TO SNOWBOWL'S MOTION FOR SANCTIONS

- 8 -

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ÷TEMPE, AZ 85283
TELEPHONE (480) 838-9300 ÷FACSIMILE (480) 838-9433
howard@shankerlaw.net

be little more than a vehicle for the Navajo Nation Plaintiffsø counsel to evade res

judicata and collateral estoppel.ö). These assertions are simply not true. As clearly

set forth in the attached deposition testimony and the declaration of Plaintiffsø

counsel, Plaintiffsø counsel did not õenlistö anybody. Counsel was contacted by

Plaintiffs to represent them in this matter. *See, e.g.*, Ex. 1 (Declaration of Howard

Shanker) at ¶ 3; Ex. 2 (Deposition Excerpt of Jeneda Benally) at 47-48 (õQ. What

was the next thing that happened after the members of your family, perhaps people

you contacted, and the Save the Peaks Coalition decided to become plaintiffs in this

lawsuit? . . . **A**. We talked about being plaintiffs. We decided that we would contact

Howard Shanker. **Q**. Why did you contact Mr. Shanker? **A**. Because he was the

attorney in the, in the last NEPA case and heøs known for being a NEPA lawyer.ö);

Ex. 3 (Deposition Excerpts of Berta Benally) at 19-21, 22, 59-60, 61:

> (õ**Q**. And based on what you saw from the judge, then you thought that
> you should take that further? **A**. Yes. **Q**. Now, you said that after ó you
> were looking into going with the NEPA, and then you called friends is
> that right? **A**. Yes. **Q**. And, so, who did you call and talk to about
> thinking about bringing a lawsuit? **A**. I called my family. I went through
> the DEIS a little bit and called Frederica Hall, Rachel Tso, asked them
> what their opinion was. . . . **Q**. So, Iøm just trying to understand. What is
> it that you looked at in the DEIS that led you to names of people to call?
> **A**. Looking for the wastewater, the reclaimed water and if there was ever
> any mention of ingesting the snow with reclaimed water. Thatøs what I
> was really looking for. . . I was looking at the DEIS, and then I was
> looking for comments to see if anybody had made any comments of
> people ingesting reclaimed water. **Q** And how did you come up with the
> idea of going to the DEIS and trying to figure out who had commented

PLAINTIFFSø APPELLANTSø RESPONSE IN
OPPOSITION TO SNOWBOWLøS MOTION
FOR SANCTIONS

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ǀ TEMPE, AZ 85283
TELEPHONE (480) 838-9300 ǀ FACSIMILE (480) 838-9433
howard@shankerlaw.net

on reclaimed water. . . . **Q**. Was it your idea. . . **A**. Yeah. **Q**. – was it someone else's? **A**. Yeah. I just, you know, you're investigative and you're inquisitive, you're going to go to the source. . .

**Q**. And what happened after you had then made a couple of these phone calls and talked with your family? What was the next step? **A**. to request Howard to ask him if he could be our lawyer.

**Q**. Now, I think you said a little earlier that after you'd had some discussions with your family, and I think Rachel Tso and Frederica Hall, you had then called Mr. Shanker about representing you and whoever else might join you in the lawsuit. Is that right? **A**. Yes. **Q**. And did you talk to Mr. Shanker about how you might go about, or whether you should go about digging up other people to join the lawsuit? **A**. No. **Q**. Now, Mrs. Benally, were you ever promised any kind of benefit or anything else to, in order to get you to file this lawsuit? **A**. No. **Q**. Did you ever promise anything to any of the other individual plaintiffs to suggest that they should join this lawsuit? **A**. No. . . .

**Q**. When you were deciding – when you had been deciding about filing this lawsuit, did you talk to any other lawyers about handling this case? **A**. Yes. **Q**. And who else did you contact. . . **Q**. Did you call somebody? **A**. Yes. **Q**. Who did you call: **A**. Bryant Barber . . . **Q**. And is Mr. Barber here in Flagstaff? **A**. No. **Q**. Where is his practice? **A**. Phoenix. **Q**. And why did you not retain Mr. Barber as the attorney for this action? **A**. I like the way Howard works.")

Ex. 4 (Deposition Excerpts of Rachel Tso) at 16-17 ("**Q**. After this group decided that they would proceed with the lawsuit, did you and Mr. Shanker talk at all about trying to find other people to join the lawsuit? **A**. No.").

Contrary to Snowbowl's assertions Plaintiffs' counsel did not "enlist" anybody. The Plaintiffs in this case had legitimate, unresolved claims and were not otherwise precluded from attempting to vindicate their rights and the public interest in NEPA

PLAINTIFFS'/APPELLANTS' RESPONSE IN OPPOSITION TO SNOWBOWL'S MOTION FOR SANCTIONS

- 10 -

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ǀTEMPE, AZ 85283
TELEPHONE (480) 838-9300 ǀFACSIMILE (480) 838-9433
howard@shankerlaw.net

compliance. The lower court ruled that *res judicata* did not apply. Plaintiffs were not surrogates or agents of the Navajo Nation or any other prior plaintiff. Snowbowl did not appeal the lower court's ruling on this issue. The statement, that, "[t]he 'new' parties in this litigation appear to be little more than a vehicle for the Navajo Nation Plaintiff's counsel to evade res judicata and collateral estoppel," is simply not correct. *See*, *Save the Peaks Coalition,* 669 F.3d at 1032. Plaintiffs, and their counsel, pursued the instant case (including the appeal) to ensure compliance with NEPA and had a good faith basis for doing so. *See, e.g.*, Ex. 1 at ¶¶ 1-9.

### 2. Plaintiffs and their Counsel Did Not "Strategically Hold Back Claims"

Snowbowl and the panel asserted that "the 'new' plaintiffs and their counsel have grossly abused the judicial process by strategically holding back claims that could have, and should have, been asserted in the first lawsuit . . ." *Save the Peaks Coalition*, 669 F.3d at 1025.[5] There is, however, no legal or ethical obligation for all

---

[5] The panel further asserted that the ingestion issue "would have been decided earlier but for counsel's procedural errors in raising those claims." *Id*. at 1028. Counsel, however, respectfully disagrees with this accusation. This issue was properly raised, briefed, argued and decided in the lower court in the *Navajo Nation* case. A panel of this Court in *Navajo Nation I* unanimously confirmed that the issue was properly raised in the lower court and ruled, on the merits, against the Forest Service. The only other time the prospect of a procedural error was ever raised was by the majority (three judges dissented on this issue) of the *en banc* panel — with no opportunity to respond to the assertion.

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B • TEMPE, AZ 85283
TELEPHONE (480) 838-9300 • FACSIMILE (480) 838-9433
howard@shankerlaw.net

potential and prospective plaintiffs, whether related or not, to file whatever claims they may have, at the same time. Indeed, the implication that such an obligation exists runs contrary to fundamental notions of due process.

Notwithstanding, Plaintiffs did not õhide in the bushesö waiting to file suit. Plaintiffs did not retain counsel until April, 2009 ó shortly after they made the decision to pursue litigation. *See, e.g.*, Ex. 1 at ¶ 3; Ex. 2 at 47-48; Ex. 3 at 19-21, 22, 59-60, 61. It is incomprehensible that Plaintiffsø counsel can be charged with bad faith stemming from any alleged delay in filing. He did not represent Plaintiffs during this time.

The procedural facts of this case also do not support any finding of improper motive or bad faith. In 2005 a three judge panel of the Ninth Circuit found that, õ[t]he FEIS does not satisfy NEPA with respect to the possible risks posed by human ingestion of the artificial snow.ö *Navajo Nation v. U.S.,* 479 F.3d 1024,1053-1054 (9th Cir. 2007) (*Navajo Nation I*).[6] The suggestion that Plaintiffs should, or even could have filed suit, or that they were somehow conspiring to file suit ó asserting that

---

[6] The panel asserts that *Navajo Nation I* was õvacatedö by the *en banc* panel. *Save the Peaks Coalition*, 669 F.3d at 1030. In the Ninth Circuit, however, such cases are not õvacated,ö but rather rendered õnon-precedentialö thereby maintaining their informational value. *See, Navajo Nation*, 506 F.3d 717; *Animal Legal Defense Fund v. Veneman*, 490 F.3d 725 (9th Cir. 2007).

PLAINTIFFSøAPPELLANTSøRESPONSE IN OPPOSITION TO SNOWBOWLøS MOTION FOR SANCTIONS

- 12 -

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ǴTEMPE, AZ 85283
TELEPHONE (480) 838-9300 ǴFACSIMILE (480) 838-9433
howard@shankerlaw.net

the Forest Service failed to comply with NEPA with respect to risks posed by human ingestion – while *Navajo Nation I* was in place makes no sense.

In 2008, a majority of the *en banc* panel in *Navajo Nation v. U.S.*, 535 F.3d 1058 (9th Cir. 2008) (*Navajo Nation II)* held that the "ingestion" claim was not properly raised in a complaint to the lower court and therefore waived - it never addressed the merits of this issue. *Id*. at 1079-1080. In June 2009, the Ninth Circuit issued its mandate in the *Navajo Nation* case. In September 2009, approximately three months later, Plaintiffs filed the instant case. Plaintiffs did not lay in wait to ambush Snowbowl for a number of years. *See, e.g.*, Ex. 1at ¶¶1-9; Ex. 2 at 47-48; Ex. 3 at 19-21, 22, 59-60, 61.

Plaintiffs did not conspire to not file suit in 2005. They simply made a decision to pursue meritorious, unresolved, claims in 2009 – within the applicable statute of limitations and over two-years before Snowbowl even received its final approvals to begin construction. Plaintiffs' actions were not made in bad faith. They were not made to "delay" the litigation or "harass." Certainly, Plaintiffs' counsel – who did not represent Plaintiffs until 2009 – cannot be found to have acted with subjective bad faith.

PLAINTIFFS'/APPELLANTS' RESPONSE IN
OPPOSITION TO SNOWBOWL'S MOTION
FOR SANCTIONS

- 13 -

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B –TEMPE, AZ 85283
TELEPHONE (480) 838-9300 –FACSIMILE (480) 838-9433
howard@shankerlaw.net

1

2

### 3. A Subjective Assertion that "Snowbowl Could Not Have Anticipated Litigation" is Not a Basis for Punishing Plaintiffs and Their Counsel

3

4

5

6

7

8

9

10

11

12

13

14

Snowbowl and the panel assert that "the USFS and the ASRLP [Snowbowl] had good reason to believe that the issues involved in the case had been fully and fairly litigated, and that their legal nightmare had ended.  Little did they know what awaited them." *Save the Peaks Coalition*, 669 F.3d at 1030; Motion at 3, 7.  Whether or not Snowbowl anticipated litigation, however, has no relevance as to whether Plaintiffs' (and their counsel's) actions were taken in bad faith.  Moreover, Snowbowl was never dragged into court, it chose to intervene in the proceeding(s) even though its interests were more than adequately represented by the Forest Service. i.e., it chose to participate in the "legal nightmare."

15

16

17

As a practical matter, with regard to the ingestion issue, the majority of the *en banc* panel in *Navajo Nation II* found that:

18

19

20

21

the specific allegations at issue were not included in the complaint. . . Rather, the Navajo Plaintiffs assert this NEPA claim was adequately presented to the district court because the claim "was briefed at summary judgment by all parties and presented at oral argument to the district court". . . raising such claim in a summary judgment motion is [however] insufficient to present the claim to the district court.

22

23

*Navajo Nation II*, 535 F.3d at 179-1080; *see also*, nt. 5, *supra*.

24

25

26

Based on the foregoing it is not readily apparent that Snowbowl would have had "good reason to believe that the issues involved in the case had been fully and fairly litigated." *See*, *Save the Peaks Coalition*, 669 F.3d at 1030.

PLAINTIFFS'/APPELLANTS' RESPONSE IN
OPPOSITION TO SNOWBOWL'S MOTION
FOR SANCTIONS

- 14 -

## C.     Conclusion

"Because [28 U.S.C. § 1927] authorizes sanctions only for the 'multiplication of proceedings,' it applies only to unnecessary filings and tactics once a lawsuit has begun." *In re: Keegan Management Co.*, 78 F.3d at 435.  Snowbowl, however, seeks fees and costs associated with the filing and prosecution of the instant appeal without citation to any specific brief, motion, and/or action within the confines of the appeal that "unreasonably and vexatiously" multiplied the proceedings.  Moreover, Snowbowl has not provided this Court with any factual information that would support a finding of "subjective bad faith" on the part of Plaintiffs or their counsel.  *In re: Keegan*, 78 F.3d at 436 (sanctions must be supported by a finding of "subjective bad faith.").

Finally, the accusations against Plaintiffs and their counsel are simply not true: (1) this was a legitimate/meritorious case and a legitimate appeal – neither Plaintiffs nor their counsel abused the judicial process; (2) there was no bad faith on the part of Plaintiffs or their attorney; (3) Snowbowl voluntarily intervened in these proceedings; (4) as soon as Snowbowl received the requisite approvals from the Forest Service, they began construction and were not delayed in any way by the instant appeal; and (5) there was no claim for sanctions made in the lower court – Snowbowl's Motion appears to be driven solely by the conclusory statements included in the panel's

PLAINTIFFS'/APPELLANTS' RESPONSE IN
OPPOSITION TO SNOWBOWL'S MOTION
FOR SANCTIONS

- 15 -

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ┆ TEMPE, AZ 85283
TELEPHONE (480) 838-9300 ┆ FACSIMILE (480) 838-9433
howard@shankerlaw.net

1  decision.  The panel, however, was not in a fact finding position and never raised any

2

3  of these concerns with counsel at oral argument.

4      Plaintiffs and their counsel were mortified by the language and assertions

5  included in the panel decision.  The "legal nightmare" here has become that of the

6

7  Plaintiffs and their counsel, who will have to live with the panel's statements for the

8  balance of their lives and careers.  While Snowbowl clearly senses the opportunity to

9  exact additional pounds of flesh, there exists no basis here to worsen the nightmare

10

11  through the imposition of the sanctions it seeks.

12      Respectfully submitted May 11, 2012.

13

14                    THE SHANKER LAW FIRM, PLC.

15      By s/Howard M. Shanker_____
                    Howard M. Shanker
16                  700 East Baseline Road, Bldg. B
                    Tempe, Arizona 85283
17                  Phone: (480) 838-9300
                    Facsimile: (480) 838-9433
18                  howard@shankerlaw.net
                    (Attorneys for Plaintiffs/Appellants)
19

20

21

22

23

24

25

26

PLAINTIFFS'/APPELLANTS' RESPONSE IN          - 16 -          THE SHANKER LAW FIRM, PLC.
OPPOSITION TO SNOWBOWL'S MOTION                              700 EAST BASELINE ROAD, BLDG. B ·TEMPE, AZ 85283
FOR SANCTIONS                                               TELEPHONE (480) 838-9300 ·FACSIMILE (480) 838-9433
                                                            howard@shankerlaw.net

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system on May 11, 2012.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

THE SHANKER LAW FIRM, PLC.

By s/Howard M. Shanker_____
Howard M. Shanker
700 East Baseline Road, Bldg. B
Tempe, Arizona 85283
Phone: (480) 838-9300
Facsimile: (480) 838-9433
howard@shankerlaw.net
(Attorneys for Plaintiffs/Appellants)

PLAINTIFFSø/APPELLANTSø RESPONSE IN OPPOSITION TO SNOWBOWLøS MOTION FOR SANCTIONS

- 17 -

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ¡TEMPE, AZ 85283
TELEPHONE (480) 838-9300 ¡FACSIMILE (480) 838-9433
howard@shankerlaw.net